**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KALEIDO ARTS & ENTERTAINMENT GROUP, LLC,<br>*Plaintiff*,<br>v.<br>CARRIE M. SELBY, *et al*.<br>*Defendants*. | Case No. 26-cv-3242-ABA |

# MEMORANDUM OPINION

Kaleido Arts & Entertainment Group, LLC ("Kaleido") challenges the denial by U.S. Citizenship and Immigration Services ("USCIS") of its petition to classify twenty-five Chinese lantern artisans as culturally unique artists eligible for temporary work visas. Defendants Carrie M. Selby and Joseph B. Edlow, sued in their official capacities, move to transfer this action to the Eastern District of New York or, alternatively, the District of Vermont. ECF No. 11. They also seek an extension of time to respond to the complaint. For the following reasons, the Court will grant the request to transfer and the requested extension.

## I. BACKGROUND

The Immigration and Nationality Act provides a temporary nonimmigrant classification, commonly called P-3, for artists and entertainers who perform "individually or as part of a group" and who seek to enter the United States "temporarily and solely to perform, teach, or coach . . . under a commercial or noncommercial program that is culturally unique." 8 U.S.C. § 1101(a)(15)(P)(iii). The implementing regulations define "culturally unique" as "a style of artistic expression, methodology, or medium which is unique to a particular country, nation, society, class, ethnicity,

religion, tribe, or other group of persons," 8 C.F.R. § 214.2(p)(3), and specify the evidence a P-3 petition must include, *id.* § 214.2(p)(6)(ii).

Kaleido, a limited liability company headquartered in Great Neck, New York, stages Chinese lantern festivals across the country using artisans from Zigong, China. ECF No. 1 ¶¶ 6, 17. Kaleido alleges that USCIS has approved P-3 classifications for 340 of its artisans over the past eight years. *Id.* ¶ 1. On April 22, 2026, Kaleido petitioned for P-3 classification of twenty-five more. *Id.* ¶ 21. After a request for evidence, USCIS's Vermont Service Center denied the petition on June 18, 2026. ECF No. 1-1 at 2, 4.[1] The decision explained that USCIS will "generally defer to its prior determination of eligibility" in a later petition "involving the same parties and the same underlying facts," but not where, among other exceptions, the earlier approval involved "a material error" or there has been "a material change in circumstances or eligibility requirements." *Id.* at 3–4. USCIS concluded that the beneficiaries did not meet the requirements for P-3 classification because "[w]hile the evidence generally suggests that there are cultural elements to the beneficiaries performances, it does not provide sufficient detail to establish the cultural uniqueness of the individual's or group's performance" or "establish[] the authors['] credentials as recognized experts in the beneficiaries' field of the performing arts." *Id.* at 5.

Kaleido filed this action on August 17, 2026. It asserts three claims under the Administrative Procedure Act ("APA"), alleging that USCIS (1) failed to treat the beneficiaries as a group, (2) misapplied the regulation's evidentiary requirements, and (3) acted arbitrarily and capriciously, including by declining without explanation to

[1] Citations to page numbers refer to the pagination generated by the Court's electronic filing system, which may differ from the pagination of the underlying documents.

defer to its prior approvals. ECF No. 1 ¶¶ 31–58. Kaleido asks the Court to declare the denial unlawful and to compel USCIS to approve the petition within fourteen days. *Id.* at 11. It alleges that venue is proper here because USCIS and the named officials are headquartered in this District. *Id.* ¶ 5.

Kaleido also moved for a temporary restraining order and preliminary injunction. ECF Nos. 2, 6. Before a scheduling conference on September 10, 2026, USCIS reopened the petition on its own motion. ECF No. 12-1 at 2–3. In light of the reopening, the Court denied Kaleido's motions as moot, without prejudice to renewal, and set a schedule for briefing the question of transfer. ECF No. 10. On September 21, 2026, the Vermont Service Center issued a notice of intent to deny the reopened petition, with any response due by October 26, 2026. ECF No. 12-1 at 3, 19. According to Kaleido, the parties have agreed that proceedings should be stayed pending USCIS's new decision, and Kaleido intends to amend its complaint to add any further denials. ECF No. 12 at 1.

Defendants move to transfer under 28 U.S.C. § 1404(a). ECF No. 11. They emphasize that Kaleido is headquartered in the Eastern District of New York, that the Vermont Service Center adjudicated its petition, and that USCIS's headquarters supplies the only connection to Maryland. ECF No. 11-1 at 1–5. Kaleido does not dispute that it could have sued in New York or Vermont, but it contends that venue is also proper here and that the relevant factors favor keeping the case in Maryland. ECF No. 12 at 1–6. It also opposes the requested extension. *Id.* at 6.

## II. LEGAL STANDARD

In an action against federal officers sued in their official capacities, venue lies in any district where a defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where the plaintiff resides if no real

property is involved. 28 U.S.C. § 1391(e)(1). Even where venue is proper, a court may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice," to any other district "where it might have been brought." *Id.* § 1404(a); *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). That decision requires an individualized assessment of convenience and fairness, taking into account the circumstances of the particular case. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30 (1988).

A party moving to transfer under § 1404(a) "bears the burden to establish both (1) that the plaintiff could have brought the action in the proposed transferee court and (2) that the action should have been brought there." *Manne v. Jaddou*, No. 21-cv-1092-PJM, 2022 WL 102853, at *6 (D. Md. Jan. 11, 2022); *see also Karaoglu v. U.S. Dep't of Homeland Sec.*, No. 23-cv-749-DKC, 2023 WL 4627277, at *2 (D. Md. July 19, 2023). On the second question, courts consider four factors: the weight accorded to the plaintiff's choice of forum, witness convenience and access, the convenience of the parties, and the interest of justice. *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). Because a plaintiff's choice of forum ordinarily receives substantial weight, the movant "must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Corcoran v. Peleus Ins. Co.*, No. 20-cv-1115-TDC, 2021 WL 3472664, at *4 (D. Md. Aug. 6, 2021) (citation omitted).

## III. ANALYSIS

### A. Motion to Transfer

Defendants have shown that this case should proceed in the Eastern District of New York or the District of Vermont rather than here. To begin, Kaleido could have brought this action in either district, as it does not dispute. *See* ECF No. 12 at 1–2. An entity suing as a plaintiff resides, for venue purposes, "only in the judicial district in which it maintains its principal place of business." 28 U.S.C. § 1391(c)(2). Kaleido is headquartered in Great Neck, New York, ECF No. 1 ¶ 6, in the Eastern District of New York, *see* 28 U.S.C. § 112(c), and no real property is involved, so venue would have been proper there, *id.* § 1391(e)(1)(C). Venue would also have been proper in the District of Vermont, where the Vermont Service Center adjudicated and denied the petition. *Id.* § 1391(e)(1)(B); ECF No. 1-1 at 2.

Kaleido contends that venue is also proper here because USCIS and its Director reside in Maryland. ECF No. 12 at 2–3; *see* 28 U.S.C. § 1391(e)(1)(A). Defendants assume as much, ECF No. 14 at 1, and so does the Court. But § 1404(a) "does not condition transfer on the initial forum's being 'wrong.'" *Atl. Marine*, 571 U.S. at 59. So the fact that the venue statute permits suit here does not answer whether the case should proceed here. As Kaleido acknowledges, that inquiry and the four factors are "likely similar." *Id.* The first step reflects the text of § 1404(a), and the second consists of the four factors themselves. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). The Court therefore need not address the parties' dispute about the weight owed to decisions of other judges of this Court. *See* ECF No. 14 at 2.

Kaleido's choice of forum would ordinarily receive substantial weight, but that weight is diminished where, as here, the forum is not the plaintiff's home and has little

connection to the claims. *See Trs. of the Plumbers*, 791 F.3d at 444; *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 269 (D.D.C. 2018); *Chenari v. U.S. Citizenship & Immigr. Servs.*, No. 23-cv-1649-TJS, 2024 WL 895111, at *2 (D. Md. Mar. 1, 2024). Each of Kaleido's claims alleges that USCIS misapplied the P-3 regulations, or failed to explain its departure from prior approvals, in denying Kaleido's petition, and the relief Kaleido seeks is an order compelling USCIS to approve that petition. ECF No. 1 ¶¶ 31–58; *id.* at 11. The denial issued from the Vermont Service Center, ECF No. 1-1 at 2, and its consequences fall on a company based in the Eastern District of New York, ECF No. 1 ¶ 6.

Kaleido argues that its choice may be disturbed only if the balance of factors is "strongly in favor of the defendant." ECF No. 12 at 2. That language comes from *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984), which quoted the forum non conveniens standard of *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), in affirming the denial of a motion to transfer a Virginia plaintiff's suit out of Virginia. Kaleido, by contrast, did *not* sue in its home forum, where it would be "reasonable to assume that [its] choice is convenient." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). And § 1404(a) permits transfer "upon a lesser showing of inconvenience" than forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

Kaleido also characterizes this suit as a challenge to Defendants' "refusal to follow its own policy of deference to prior decisions," which it says affects other cases too, and argues that "[t]o the extent there is a new policy on such deference, it is appropriate to bring such a challenge in the headquarters district." ECF No. 12 at 3–4. But the complaint does not challenge any USCIS policy—rather, it alleges that USCIS declined, without adequate explanation, to defer to Kaleido's prior approvals in adjudicating this

petition. ECF No. 1 ¶¶ 47–50. That the same error might recur elsewhere does not change the nature of that claim. Nor does Kaleido identify any new policy, and Defendants maintain there is none. ECF No. 14 at 4; *see* ECF No. 1-1 at 3–4.

Several other judges of this Court have concluded that USCIS's headquarters does not, without more, warrant litigating here a challenge to an immigration decision made elsewhere, even when the plaintiff attributes that decision to headquarters policy. *See, e.g.*, *Bulut v. U.S. Dep't of Homeland Sec.*, No. 23-cv-995-PX, 2023 WL 5153638, at *1 (D. Md. Aug. 9, 2023) (transferring action in which the plaintiff attributed the delay to policies issued from USCIS headquarters); *Karaoglu*, 2023 WL 4627277, at *3; *Manne*, 2022 WL 102853, at *8 ("courts routinely grant motions to transfer in cases like the one at hand where the only connection to the district is the location of a federal agency's headquarters") (citations omitted); *Chakrabarti v. U.S. Citizenship & Immigr. Servs.*, No. 21-cv-1945-PJM, 2021 WL 4458899, at *4 (D. Md. Sept. 29, 2021). "The decision-making process for adjudicating [immigration] applications occurs at USCIS's service centers and field offices throughout the country, not at agency headquarters in Maryland." *Chakrabarti*, 2021 WL 4458899, at *6.

Kaleido next argues that no other district has a particular connection to the case because its petition passed through USCIS offices in Chicago, California, Texas, and Vermont, and responses to the notice of intent to deny go to Texas. ECF No. 12 at 3–5; *see* ECF No. 12-1 at 20. But none of those offices are in Maryland, and both the denial and the notice of intent to deny were issued in Vermont. ECF No. 1-1 at 2; ECF No. 12-1 at 3. That USCIS headquarters oversees those offices, *see* ECF No. 12 at 4, is true of every USCIS adjudication. And Kaleido's connection to the Eastern District of New York does not depend on where USCIS processes its petition; that is where Kaleido maintains

its principal place of business. ECF No. 1 ¶ 6. Nor do Kaleido's festivals favor Maryland. Kaleido notes that they take place in several states, ECF No. 12 at 4, but none that it identifies is in Maryland.

The remaining factors are neutral or favor transfer. APA review is generally confined to the administrative record, so witness convenience carries little weight, as Kaleido agrees. *Camp v. Pitts*, 411 U.S. 138, 142 (1973); ECF No. 12 at 4. As for the parties' convenience, Kaleido's home district is the Eastern District of New York, and its counsel's location, *see id.* at 4–5, carries little if any weight. *See Manne*, 2022 WL 102853, at *8. The interest of justice favors a forum with a genuine connection to the dispute: New York has an interest in a case brought by a company based there, and Vermont in review of an adjudication made there. *See Aishat*, 288 F. Supp. 3d at 271. Kaleido argues that this single case will not make this District "the super district for USCIS litigation." ECF No. 12 at 5 (quoting ECF No. 11-1 at 8). But the concern other judges of this Court have identified is the cumulative effect of treating USCIS's headquarters as a sufficient basis to litigate here visa-related disputes from across the country. *See Chakrabarti*, 2021 WL 4458899, at *6; *Manne*, 2022 WL 102853, at *8–9.

Because both proposed districts have a substantially greater connection to this dispute than Maryland does, and neither has a clear advantage over the other, the Court will let Kaleido choose between them. *See Karaoglu*, 2023 WL 4627277, at *3 (deferring decision on *where* to transfer a case pending plaintiff informing the court which of two potential transfer destinations "would be a more convenient forum for him"). Kaleido shall file a notice of its choice and the reasons for it within fourteen days. If it does not, the case will be transferred to the Eastern District of New York, where Kaleido maintains its principal place of business and which Defendants proposed first.

### B. Request for Extension of Time

Defendants ask that, if the case is transferred, their deadline to respond to the complaint be extended to sixty days after the case is docketed in the transferee district. ECF No. 11-1 at 9. Kaleido opposes the request, citing its canceled festivals and the delay that transfer and an extension will cause, and asks that Defendants be held to the time Rule 15 provides if it amends. ECF No. 12 at 6. Defendants made their request before their response deadline, *see* Fed. R. Civ. P. 12(a)(2); ECF Nos. 1, 11, and good cause supports it, *see* Fed. R. Civ. P. 6(b)(1)(A).

USCIS has reopened the petition, the parties have agreed (according to Kaleido) that proceedings should be stayed pending its new decision, and Kaleido intends to amend if USCIS again denies the petition. ECF No. 12 at 1, 6; ECF No. 14 at 5–6. Requiring a response to a complaint that may soon be replaced would not move the case forward, and Rule 15(a)(3) will govern the time to respond to any amended complaint unless the transferee court orders otherwise. The Court therefore finds good cause to grant Defendants' request.

## IV. CONCLUSION

For these reasons, Defendants' motion to transfer and for an extension of time (ECF No. 11) will be granted. Kaleido shall, within fourteen days, file a notice electing transfer to the Eastern District of New York or the District of Vermont and stating the reasons for that choice. Absent a timely notice, the case will be transferred to the Eastern District of New York. Defendants shall answer or otherwise respond to the complaint within sixty days after the case is docketed in the transferee district. A separate order follows.

Date: November 4, 2026

______***/s/***______________

Adam B. Abelson
United States District Judge